On Motion to Dismiss the Appeals.
O’NIELL, J.
There are- two separate and independent appeals in this case. The appellants are the state of Louisiana and George West, neither of whom was a party to the proceedings in which the judgment appealed from was rendered.
The suit was brought by Lillie G. Taylor against Angeline Allen alone. In her petition, plaintiff alleged that she was the acknowledged illegitimate child, or natural child, and as such the only surviving heir, of Lona McGee, who had died, intestate, in or about the year 1905. She alleged that she was born before Lona McGee had married Isom McGee, who died, intestate, in 1897. She alleged that Isom McGee had acquired, as the property of the marital community between him and Lona McGee, a tract of land in the parish of Claiborne, La., described as composed of certain specified portions of sections 18, 19, and 20, in township 21 no^'th, range 7 west. She alleged that a child was born of the marriage of Isom and Lona McGee and was named Mattie McGee, and that Isom McGee was survived by his widow in community and by his sole heir, Mattie McGee. She alleged that Mattie McGee died, intestate, and without descendant heirs, in 1908, leaving as her sole heir at law her mother, Lona McGee. She averred that Lona McGee left no other legitimate child, or legitimate heir, and that therefore she (plaintiff) was the sole surviving heir at law of her mother Lona McGee. She alleged that she had been duly acknowledged and recognized by Lona McGee as the latter’s child; and, in that connection, that her mother had, publicly and privately, acknowledged and recognized her as being her child; that her mother had proclaimed and made known to the world that she (plaintiff) was her daughter, had sent her to school as her daughter, and had always, openly as well as privately, acknowledged, recognized and proclaimed that she (plaintiff) was her (Lona McGee’s) child, the half-sister of Mattie McGee. Plaintiff alleged that Angeline Allen, made defendant in the suit, was the natural mother of Lona McGee, and had duly acknowledged the latter as her child; and that she (Angeline. Allen) was the only person who would have inherited any part of the estate of Lona McGee, in default of plaintiff,, the natural child of Lona McGee. She alleged that there was no inheritance tax imposed upon the property at the time of the *87 death of Lona McGee; that, in any event, the estate was then worth less than $10,000, had borne its just proportion of taxation, ■and did not owe an inheritance tax; that the succession was entirely free from debt, and that she desired to accept the same unconditionally and without the benefit of inventory.
The prayer of the petition was that Angeline Allen be cited according to law, and that, at the expiration of the legal delays, the petitioner be recognized as the duly acknowledged and natural child and therefore the sole heir at law of Lona McGee, and that, as such sole heir, she be sent into possession of all of the property of the estate of Lona McGee and particularly the property described in plaintiff’s petition.
Answering the suit, Angeline Allen admitted all of the allegations of fact contained in plaintiff’s petition, and especially admitted and averred that she (Angeline Allen) would have inherited the estate of Lona McGee if the latter had not been survived by the natural daughter, Lillie G. Taylor. Defendant further alleged in her answer that it was within her personal knowledge that Lillie G. Taylor was the child of Lona McGee; that she (defendant) was present when the child was born, and knew the child intimately all her life; that Lona McGee had always, publicly and privately, acknowledged Lillie G. Taylor as her daughter, and had duly legitimated her. Defendant therefore averred that she had no right or interest in the estate of Lona McGeé, unless Lillie G. Táylor should renounce the succession, in which event, she (defendant) claimed that she would inherit the estate.
The.allegations of the petition and answer were verified by the affidavit of the plaintiff and defendant, respectively.
Subscribed to the defendant’s answer was an acknowledgment by the tax collector that there was no inheritance tax due on the land described in the plaintiff’s petition, and that he (the tax collector) therefore consented that the petitioner be sent into possession of the land.
The case was submitted for decision upon the petition and answer and upon an ex parte affidavit signed by Angeline Allen and James Allen, viz.:
State of Louisiana, Parish of Claiborne:
Angeline Allen and James Allen, being by me duly sworn, depose and say that they were well acquainted with the late Lona McGee, the widow of Isom McGree, deceased, and with the family of the said deceased; that the deceased died intestate; that Lillie G. Taylor is her sole and only heir; that the said Lona McGee privately and publicly acknowledged the said Lillie G. Taylor as being her daughter; and that the said Lillie G. Taylor is her daughter; and that the said Lona McGee always privately and publicly acknowledged her as such; that the said Lillie G. Taylor, who is praying to be sent into possession of the property belonging to the estate of the said Lona McGee, is her sole heir; that all of the facts stated and allegations made in saijl petition are true and correct; and that the said estate is free of debt.
her
[Signed] Angeline X Allen.
mark
[Signed] James Allen.
Sworn to and subscribed before me on this the 11th day of April, 1920.
[Signed] E. H. Fortson,
Clerk Dist. Court.
On the foregoing pleadings and affidavit, and on the acknowledgment by the tax collector that no inheritance tax was due on the land described in the plaintiff’s petition, judgment was rendered and signed, in open court, on the 11th of April, 1920, as follows:
J udgment.
Lillie G. Taylor v. Angelina Matthews. No -, Claiborne Parish, Louisiana.
In this case, by reason of the law and the evidence being in favor thereof, it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Lillie G. Taylor, and against Angeline Allen, defendant, recognizing the plaintiff, Lillie G. Taylor, as the natural daughter of Lona McGee, deceased, and the sole heir at law of said Lona McGee, her *89 mother, who was the widow of Isom McGee, deceased; and that as such she he sent and put in possession of ail the property, rights and credits of whatever character and kind the said Lona McGee might have owned at her death, and particularly the following described real estate, situated in Claiborne parish, to wit: The southeast quarter of the southeast quarter (SE^-SE1^) of section 18 lying south of the Minden and Sykes Eerry Road, and the northeast quarter of the northeast quarter (NE^-NE1/^) of section 19; and all of the northwest quarter of the northeast quarter (NW^-NE^) of said section 19, except that part now owned by Lang Langston, and the northwest quarter of the northwest quarter (NW%-NW%) of section 20; all in township 21 north, range 7 west.
Thus done, read and signed, in open court, on this the 11th day of April, A. D. 1920.
[Signed] J. E. Reynolds, Judge.
The fact that, in the caption of the judgment, the name of the defendant is written “Angelina Matthews,” and that the number of the suit is omitted, is not regarded as a matter of any importance in the discussion of the motion to dismiss the appeal.
On the 5th of July, 1920, the Attorney General and a special assistant to the Attorney General filed in the district coiirt a petition, on behalf of the state of Louisiana, praying for a devolutive appeal from the judgment; and an order of appeal was granted. The petitioner annexed to and made part of the petition for an appeal (1) the original petition and affidavit of Lillie G. Taylor, (2) the answer and affidavit of the defendant Angeline Allen, (S) the affidavit of Angeline and James Allen, (4) the acknowledgment of the tax collector that the property owed no inheritance tax, and (5) the judgment of the district court, together with a certificate of the clerk of court that the record thus annexed to the petition was a true and correct record of all documents filed and of all proceedings had in the case. It was alleged in the petition for appeal that Lona McGee had left no lawful heirs, nor surviving husband, nor legally acknowledged illegitimate children, and that the state of Louisiana was therefore the sole heir of Lona McGee and was aggrieved by the judgment and had an interest in appealing therefrom.
On the 6th of July, 1920, George West filed in the district court a petition for a devolutive appeal from the judgment, and an order of appeal was granted him. He alleged in his petition that he was the owner and in possession of the land described in the judgment, and that he was therefore aggrieved by the judgment and had an interest in appealing therefrom.
[1, 2] Lillie G. Taylor has filed motions to dismiss both appeals. • She first moved to dismiss the appeal of the state of Louisiana, on the ground that she had not been cited to answer the appeal. It appears that, although both appellants prayed for service of citations of appeal, the clerk of court neglected to issue the citations. After the motion to dismiss the state’s appeal was filed, the clerk of the district court issued citations of appeal, and the sheriff served them upon both Lillie G. Taylor and Angeline Allen. By consent of counsel for all parties hereto, the returns have been filed in this court; and counsel for appellees are not insisting upon a dismissal of the appeal for want of citation. It is well settled that an appeal should not be dismissed because the appellee was not cited to answer the appeal, when it appears that the appellant prayed for citation and that the failure to issue it was due to the neglect of the clerk of court in which the judgment was rendered. In such ease, the appellant is entitled to a reasonable time in which to have citation issued and served. See section 1907, Rev. Stat. (section 11, Act No. 45, Ex. Sess. 1870, pp. 100, 101). It is also well settled that, if there be ample time for issuing and serving a citation of appeal before the case will* be heard, it is not necessary that the appellant should obtain further time or delay for having a citation issued and served; See Hiller *91 v. Barrow, 144 La. 282, 80 South. 538, and the decisions there cited.
[3] The second ground on which the appellee moved to dismiss the appeal of the state is that the attorney who represents himself to be the “special assistant to the Attorney General” is not an official authorized by law to appear as counsel for the state of Louisiana. We are not referred to .any law, and are not aware of any, that forbids the Attorney General to associate with him in the prosecution of a lawsuit on behalf of the state a duly licensed attorney at law, who is not by statute an Assistant Attorney General. Be that as it may, the Attorney General himself has appeared of record in the case and is prosecuting this appeal. There is therefore no merit in appellee’s objection that the attorney who is assisting the Attorney General in the prosecution of this appeal is not authorized, officially or by statute, to represent the state.
[4] The third ground on which appellee moves to dismiss the state’s appeal is that the state has no proprietary interest in the land in question, and would not have inherited the same as an heir, in any event, but would only be entitled to the residue of the proceeds of a sale of the property at public auction, in the event of there being no heir or surviving spouse of the deceased.
It is true, the state is not an heir and does not, in the strict sense of the word, inherit the property of a vacant succession. Article 485 of the Civil Code declares that successions of persons who die without heirs, or which are not claimed by those having a right to them, belong to the state. Article 929 of the Code declares that, in default of lawful relations, or of a surviving husband or wife, or acknowledged natural children, the succession belongs to the state. Such successions are called vacant successions. The property itself, of such successions, does not escheat or revert to the state, but belongs to the public, and the state steps in and takes charge of the property, by virtue of her sovereignty. The manner of disposing of the property of such successions, and of retaining the proceeds in the state treasury subject to the claims of any creditors or heirs who may eventually come forward, is provided for in articles 1169 and 1197 of the Code. It is not only the right but the duty of the state, under her sovereign power, to institute legal proceedings for the recovery of vacant successions. There is nothing to the contrary in the decisions cited by counsel for appellee, State v. Ames, 23 La. Ann. 69, and Puyoulet v. Gehrke, 143 La. 315, 78 South. 571. There is therefore no merit in appellee’s contention that the state has no interest in prosecuting this appeal.
[5] Appellee has also urged, as a ground for demanding a dismissal of the appeal of George West, that he has no interest in prosecuting the appeal. It is alleged in his petition for appeal that he is in possession of the land, as proprietor, claiming ownership of it. If a person in possession as owner of property has no interest in appealing from a judgment recognizing some one else to be the owner and ordering that that some one else be sent into possession of- the property, no person who was not a party to the proceedings in which such judgment was rendered could possibly have an interest in appealing from it.
It is true, the judgment rendered in favor of Lillie G. Taylor and against Angeline Allen could not be pleaded as res judicata against the state of Louisiana or against George West. But the judgment purports to fix the status of Lillie G. Taylor as an acknowledged or natural child, and thereby to confer upon her certain rights which conflict with the rights asserted by the state of Louisiana, and with the rights asserted by George West. The latter’s allegation that he is-in possession of the land as owner has not been put at issue; and, for the purpose of determining his right of appeal, we accept *93 the allegation as true. It will not do to say that the state of Louisiana and George West have no right of appeal, merely because neither of them would be bound by the judgment rendered in the proceedings to which they were not parties. Such an argument would lead to the conclusion that no one could appeal from a judgment rendered in a proceeding to which he was not a party, because no one can be bound by a judgment rendered in a proceeding to which he was not a party. Article 571 of the Code of Practice declares that the right of appeal is given, not only to those who were parties to the cause in which the judgment was rendered, but also to third persons, not parties to such suit, when such third persons allege that they are aggrieved by the judgment. Literally, this article of the Code confers the right of appeal upon a third person who merely alleges that he is aggrieved by the judgment. It is well settled, however, that a third party, desiring to appeal from a judgment rendered in a proceeding to which he was not a party, must show affirmatively, by alleging the facts, that he is aggrieved by the judgment. See Citizens’ Bank of Columbia v. Bellamy Lumber Co., 140 La. 498, 73 South. 308, and the list of decisions there cited.
[6] In support of the contention that neither of the appellants has any interest in prosecuting this appeal, counsel for appellee, Lillie G. Taylor, remind us that the appellants will not be allowed to introduce new evidence to contradict the proof adduced by Lillie G. Taylor in the district court. In support of the argument, counsel for appellee cite the decision in State v. Judge of Second District Court, 13 La. Ann. 199, to the effect that an appeal will not be allowed to a third person, not a party to the suit, where it is apparent that new evidence would be necessary to establish that the judgment appealed from is erroneous. The answer to that argument is that the appellants in the case before us do not propose to introduce new evidence to contradict the proof on which the judgment appealed from was rendered. Appellants would have been entitled to contradict the evidence on which the judgment was rendered if they had brought a direct action to set aside the judgment, or if they had awaited an attempt to execute the judgment. But, by resorting to the milder remedy of appealing from the judgment, they have accepted the situation as they found it. The issue that will be presented by this appeal is clear-cut. The question is simply whether the plaintiff, Lillie G. Taylor, was entitled to a judgment elevating her from the status of a bastard to that of an acknowledged-or natural child, on the proven facts upon which this judgment was rendered. In that connection, the appellee, Lillie G. Taylor, does not rely upon the allegation in the answer of the defendant, Angeline Allen, that Lona McGee “duly legitimated” Lillie G. Taylor. The record does not contain an act of legitimation; and the judgment appealed from recognizes Lillie G. Taylor, not as a legitimated daughter, but as a natural or duly acknowledged daughter, of Lona McGee. The contention of the appellants is simply that the facts proven did not warrant the decree.
The iast ground urged by counsel for appellee, for demanding a dismissal of both appeals, pertains to the merits of the case; that is:
“That the record, as made up by the lower court, showing that the plaintiff, as the natural daughter of the deceased, who herself was a natural child, was put in possession by order of the court.”
[7] It is alleged, in both motions to dismiss the appeals, that to allow an appeal in such case, either to the state of Louisiana or to George West, “would be without due process of law, and in violation of the Fourteenth Amendment of the United States Constitution.” We take that allegation to be merely a forceful manner of expressing the idea that the plaintiffs are not entitled to an appeal *95 in this case. Because it is not contended, and could not be seriously contended, that article 571 of the Code of Practice, allowing a right of appeal to a person who is aggrieved by a judgment rendered in a proceeding to which he was not a party, allows a remedy without due process of law. The appellee, in such case, as in the ease of an appeal by one of the parties to the proceeding in which the judgment was rendered, is entitled to citation or notice of appeal, and an' opportunity to be heard; and that is what constitutes due process of law.
The motions to dismiss the appeals are overruled.