The judgment appealed from is affirmed, at appellant's cost.

PROVOSTY, C. J.; dissents.

LAND, J., recused.

ST. PAUL, J., takes no part.

Rehearing refused by the WHOLE COURT.

---

(91 South. 716)

No. 24452.

Succession of McGEE.

In re WIMBERLY.

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Executors and administrators** ⬤⟋3(1)—**Succession; after death of husband and only child, community estate being vested in widow, no administration necessary.**

On the death of the husband, his half of the community property descends to his children, and, on the death of the only child during the life of the widow, the child's interest therein vested in the widow, so that she became the

151 LA.—8

owner of all the property, and there was no necessity for administration of the estates of the husband and the child.

2. **Executors and administrators** ⬤⟋17(2)—**Succession; curator of vacant succession cannot be appointed where there was an acknowledged natural daughter of decedent living.**

A petition by a district attorney to be appointed curator of the vacant succession of a decedent was properly denied, where there was a surviving illegitimate daughter of deceased who had been duly acknowledged by her mother.

O'Niell and Dawkins, JJ., dissenting.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Petition by J. Rush Wimberly to be appointed curator of the succession of Lona McGee. Judgment denying the petition, and petitioner appeals. Affirmed.

Wm. Winans Wall and M. D. Dimitry, both of New Orleans, and A. D. Keeney, of Shreveport, for appellant.

Hampden Story and Foster, Looney & Wilkinson, all of Shreveport, for appellee Taylor.

A. V. Coco, Atty. Gen., and Phanor Breazeale, Sp. Asst. Atty. Gen., for the State.

By the WHOLE COURT.

OVERTON, J. J. Rush Wimberly addressed a petition to the district court for the parish of Claiborne, alleging that he is district attorney for the Third judicial district, of which Claiborne forms a part; and alleging further that Isom McGee died intestate in 1897, leaving his widow, in community, Lona McGee, and an only child, Mattie McGee; that Mattie McGee died intestate and without descendants in 1903, leaving as her sole and only heir at law her mother, Lona McGee; that Lona McGee died intestate about the year 1905, leaving property consisting of lands in the proven oil field of Claiborne parish, and that her succession is a vacant one, the heirs being

unknown. He alleges an administration of the vacant estate of Lona McGee is necessary, that he should be appointed curator thereof to administer it, and prays that letters of curatorship issue to him accordingly. Without alleging any necessity therefor, he also prays that letters of curatorship also issue to him to administer the estates of Isom McGee and Mattie McGee.

Lillie G. Taylor filed an opposition to the application of Wimberly, in which she denies that the succession of Lona McGee is vacant, and in which she avers that she is the duly acknowledged illegitimate daughter of Lona McGee, deceased, and was recognized as such, and as the sole heir of her mother, and put in possession of her mother's estate, by the district court of Claiborne parish, in the suit of Lillie G. Taylor v. Angeline Allen; and therefore that there is no vacant estate to administer.

The state of Louisiana also filed an opposition to Wimberly's application; but, because of the conclusion we have reached, it is unnecessary to state its grounds.

In the lower court, judgment was rendered rejecting the application of Wimberly, and he has appealed.

[1] Nothing more appears in the record concerning the proposed administration of the estates of Isom McGee and Mattie McGee than what has been mentioned. The contest has been over the estate of Lona McGee, for, when Isom McGee died, his half of the community property descended to his daughter, Mattie McGee, and when she died, her estate went to her mother, Lona McGee, who, at her death, was the owner of all the property.

[2] In the case of Taylor v. Allen (No. 24209) 91 South. 635,[1] we have this day rendered judgment, on rehearing, recognizing that Lillie G. Taylor is the illegitimate daughter of Lona McGee, duly acknowledged by her

mother, and affirming the judgment of the lower court, recognizing her as such, and placing her in possession of her mother's estate. Therefore there is no vacant estate; and hence the application of Wimberly falls, for, when there is no vacant estate, it is self-evident that there is nothing to which to appoint a curator.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's costs.

O'NIELL and DAWKINS, JJ., dissent.