No. ——
First Circuit Appeal

## SUCCESSION OF SIMONETTE REASON FALLS; JOSEPH FALLS, Opponent

(February 18, 1925, Opinion and Decree.)
(May 15, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bastards and Natural Children—Par. 7.**

The modes of acknowledgment prescribed by Article 203 of the Civil Code are not exclusive. Therefore the mother may acknowledge her illegitimate child by raising her and treating her as her child.

2. **Louisiana Digest—Bastards and Natural Children—Par. 20.**

The mother who has acknowledged her illegitimate child merely by raising her and treating her as her child, though not complying with Article 203 of the Civil Code, can inherit from the child under Article 922 of the Civil Code.

Appeal from the Parish of St. Mary, Hon. James Simon, Judge.

This is a suit involving the distribution of the estate of an illegitimate child. The mother claimed to be the heir but the succession was opposed by the husband. There was judgment for the husband, opponent and the mother appealed.

Judgment reversed.

Paul Kramer, of Franklin, attorney for plaintiff, appellant.

Charles J. Mundy, of Franklin, attorney for opponent.

LECHE, J., dissents and hands down written reasons.

MOUTON, J. Simonette Reason Falls, the illegitimate daughter of Mary Bingham and Washington Reason, died June, 1913, intestate and without issue of her marriage with Joseph Falls, her surviving husband. At her death she left an estate in community with her husband, and some separate property. In an ex parte proceeding, Mary Bingham, mother of deceased, and her children born of her marriage with Robert Bingham, now deceased, were placed in possession of the succession of Simonette Reason Falls. The lower court, on the opposition of Joseph Falls, surviving husband of Simonette Reason, rescinded the decree putting Mary Bingham and her children in possession, and decreed that Joseph Falls was entitled to inherit, as surviving husband, the entire share of the wife in the community, and also her separate estate. From this judgment plaintiffs appeal.

Simonette Reason Falls was, as before stated, the illegitimate child of Mary Bingham and Washington Reason, deceased. She never was acknowledged by her mother, Mary Bingham, either by a declaration in a notarial act or by baptismal registry, as provided for by Article 203, Civil Code. The proof shows, however, that she was the child of Mary Bingham, was reared by her and was acknowledged as such by her in every way except in one of the modes pointed out in the article of the Code above mentioned. This acknowledgment, though not by notarial act or in the register of birth or baptism, was a legal acknowledgment by the mother. The court has so held in the following cases: Briggs

vs. McLaughlin, 134 La. 133, 63 South. 851; Taylor vs. Allen, 151 La. 82, 91 South. 635; Murdock vs. Potter, 155 La. 145, 99 South. 18. The jurisprudence may now be considered settled on this subject. The next question is as to whether this acknowledgment by the mother entitled Simonette Reason to be called or classed as a natural child; and, upon her death, without posterity, conferring on her mother the right to claim her estate under Article 922, Civil Code. This presents the vital issue in the case.

Civil Code, Article 202, in part, reads:

"Illegitimate children who have been acknowledged by their father are called natural children; those who have not been acknowledged by their father are contradistinguished by the appellation of bastards."

Counsel for the opponent contends, if we appreciate his position correctly, that the acknowledgment by the mother alone can not change the status of an illegitimate offspring into that of a natural child; which is not thereby taken out of the classification of Article 202, Civil Code, and is therefore contradistinguished by the appellation of bastard.

In Briggs vs. McLaughlin, 134 La. 133, 63 South. 851, the court said: "Children acknowledged by both, or either of their parents, are called natural children." In that case the illegitimate offspring had not been acknowledged in a notarial act or in the baptismal records. It was shown there, as appears in this case, that the mother had, from its birth to the time of its death, recognized the child openly and publicly as her own child. It was held, however, that the child so acknowledged was a "natural child"; and as far as we are aware, this decision has not been directly overruled.

In the Succession of Lacosst, 142 La. 682, 77 South. 497, the court said that, though a child be legally acknowledged by the mother, unless the father also acknowledged him, the mother could not inherit from that child under Article 922 C. C., as he would be a bastard according to the provisions of Article 202, Civil Code. In reaching this conclusion, if we correctly appreciate that decision, the court held that Article 202 controlled the meaning of "natural child" as used in Article 922; that the child still remained a bastard under the classification fixed by Article 202, and the mother could not therefore inherit from such child. In a later case, Murdock vs. Potter, 155 La. 146, 99 South. 18, the court has expressed different and contrary views on this proposition. In that case the court said:

"The definition of the word 'bastard', found in Article 202 of the Civil Code, is qualified by Articles 203 and 922, quoted above. When the three articles are construed together, it is clear that a mother may acknowledge her illegitimate child whether or not the father is willing to acknowledge or has acknowledged the child."

It is clear from the reasoning in this later decision that the "bastardy" attaching to the child is removed when he has been acknowledged by the mother alone, and when the father has not acknowledged him in any manner whatsoever. From the language used in the Succession of Lacosst, 142 La. 682, 77 South. 497,, if the court had there reached the conclusion as to the articles of the Civil Code which control on this subject to which it subsequently arrived in the later case above cited, we have no doubt it would have held in the Lacosst succession, though it was the mother who was claiming the estate, that she was entitled to inherit from her son under the provisions of Article 922. Counsel for opponent relies mainly on this decision, 142 La. 682, in support of the judgment rendered below

in favor of Joseph Falls, the surviving husband. In the light of the more recent decisions on this vexed question, it is now recognized by our Supreme Court that the mother who has acknowledged her child, and independently of the father, is entitled to inherit his estate under Article 922, when he dies without posterity, because when so acknowledged the status of the illegitimate offspring has been converted into that of a "natural child" by the effect of such acknowledgment. We therefore hold that the deceased, having died intestate and without issue, her estate reverted to her mother by whom she had been legally acknowledged. The lower court was therefore in error in holding that the share of the deceased wife in the community property passed by inheritance to Joseph Falls, her surviving husband, under Acts 57 of 1910, 80 of 1916. The court was also clearly in error in decreeing the separate estate of the wife to Joseph Falls, as under the provisions of said acts he had no right whatever of inheritance to her separate property. Succession of Greenlaugh, 148 La. 255, 86 South. 786.

It is therefore ordered and decreed that the judgment appealed from be avoided and reversed, and that plaintiff, Mary Bingham, have judgment decreeing her the owner and entitled to the possession of the share of Simonette Reason Falls in the community heretofore existing between her and Joseph Falls, surviving husband, or to an undivided one-half thereof, and to the ownership and possession of all of the separate estate left by said deceased, Simonette Reason Falls, and that opponent pay all cost of this suit.

———

LECHE, J., dissenting:

In this case as in the Lacosst case, 142 La. 673, 77 South. 497, it is the mother who is claiming the inheritance and I am not aware of any law authorizing the mother to inherit from her illegitimate child unless she had, during such child's lifetime, acknowledged the same in the formal manner provided by Article 203 of the Civil Code. It is true that under Article 193 *et seq.*, C. C., providing for proof of filiation, other modes of acknowledgment are permitted, but such acknowledgment is for the benefit of the child as against its parents, and not for the purpose of benefiting the parent. The child is helpless to force a formal acknowledgment in its behalf by its parents.

The parents are in an entirely different position and it is solely in their power, and within the free exercise of their volition and discretion, to legitimate their illegitimate offspring. It would be unjust to penalize the child for a wrong committed by its parents, and of which it is only the innocent victim. Hence the purpose of the lawmaker in enacting the provisions in the Civil Code permitting other than formal proof to establish filiation, and in limiting this mode of acknowledgment for the benefit of the child.

It is my understanding of the law and of the jurisprudence that in order to inherit from an illegitimate child, the mother must first have made, during the child's lifetime, a formal acknowledgment, but that other modes of acknowledgment may be resorted to, when the illegitimate child claims the right of inheritance from its mother. To this effect is the decision in the Lacoste case as well as in the case of Briggs vs. McLaughlin, 134 La. 133, 63 South. 851. The case of Murdock vs. Potter, 155 La. 146, 99 South. 18, in no manner conflicts with this view.

I therefore dissent.