BROWN v. GULF REFINING CO. OF LA.

---

(Feb. 28, 1927.   Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 715.**

An appellate court will remand a case whenever the interests of justice require it.

2. **Louisiana Digest—Appeal—Par. 725; 737.**

In an appeal by a third party under C. P., 571, where the record fails to disclose the facts upon which the appeal is based, the cause will be remanded to permit such proof.

Appeal from the Civil District Court, Division "B". Hon. M. M. Boatner, Judge.

Action by Evelyn Brown, et als., against Gulf Refining Company of Louisiana.

There was judgment for plaintiff and defendant appealed.

Judgment reversed and case remanded.

Ford Dempsey & Morril, M. B. Williams, of New Orleans, attorneys for plaintiff, appellee.

Denegre, Leove & Chaffe, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J.  The facts in this case are, as stated by counsel, as follows:

"Robert Brown, a colored employee of the Gulf Refining Company of Louisiana, defendant and appellant, was fatally injured in an accident while at work on January 14, 1925.

"Evelyn Brown brought timely suit in the Civil District Court for the Parish of Orleans, alleging that for over five years she had lived with Brown without benefit of clergy, and that she had two children as a result of this union and was, at the time of the accident and the time of suing, pregnant with another. It was alleged that Brown acknowledged these children as his, and that accordingly under section 8, subsection 2, paragraph (m) of the State Compensation Act (Act 20 of 1914, as amended), including under the term 'children', 'acknowledged illegitimate children', plaintiff should recover on behalf of her said children.

"The answer admitted Brown's employment, the accident and his death as a result thereof, but for want of information denied the relationship of plaintiff or her children and their right to recover."

There was judgment in plaintiff's favor and defendant appealed. A third person, Olivia Watson, also appealed from the judgment, under C. P., 571. Olivia Watson in her petition for appeal alleges that she was married to Robert Brown on March 3, 1913, that a son was born of that union, now a minor of 12 years of age; that the children of Evelyn, granted compensation by the judgment, are not entitled to the benefit of the provision of the compensation law, because they are adulterous bastards and incapable of acknowledgment. Attached to the petition are certificates of the recorder of births, marriages and deaths for the Parish of Orleans attesting the recording of the marriage of Robert and Olivia and the birth of their son.

It is clear that Olivia as tutrix of her son has a material interest in this suit. It may be, as seems probable that her son, alone, is entitled to compensation for adulterous bastards are not recognized as defendants under the compensation statute. Gulling vs. Dalgarn Construction Co., No. 9523 Orl. App. But at any rate she is vitally interested in this suit, and clearly entitled to appeal from the judgment. It is obvious that both claimants can not recover. Evelyn's children, in esse and in posse, and Olivia's child cannot have judgment. In other words, if Olivia is correct in her contention, Evelyn's judgment, in her favor as tutrix, must fall. We are referred to the case of Taylor vs. Allen, 151 La. 82, 91 So. 635, to the effect that third persons appealing from a judgment take the record as they find it and are not entitled to a remand for the purpose of introducing further testimony. Taylor vs. Allen, 151 La. 82, 91 So. 635; Ponchartrain Land Co. vs. Comer, 6 Orl. App. 358. However, that may be appellate courts may remand a cause whenever in their opinion the interest of justice requires it. In this case there can be no doubt of the right as well as the duty of the court to remand. The evidence in the record is insufficient to determine the case, as affecting the interest of the third party appealing. A very good rea-

son for a remand. Succession of Allen, 43 La. Ann. 1071, 10 So. 304. See also Albinest vs. Y. & M. V. R. R. Co., 107 La. 133, 31 So. 675, a case very similar to the present one.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that this cause be remanded for further proceedings not inconsistent with the views expressed.