Our findings and decision on the issues of law assigned in the case of City of Monroe v. Louisiana Public Service Commission, 233 La. 478, 97 So.2d 56, are equally applicable and controlling in this appeal.

Accordingly, for the reasons assigned, the judgment of the district court is reversed, annulled and set aside.

It is now ordered, adjudged and decreed that the Louisiana Public Service Commission be, and the same is hereby permanently restrained and enjoined from entertaining jurisdiction of or from holding a hearing on the application of United Gas Corporation in Docket No. 6873 of said Commission for the revision of gas rates within the City of West Monroe.

97 So.2d 215

Succession of Martha CERVINI, Widow of Paul BARAGONA.

No. 43198.

June 28, 1957.

Rudolph Vorbusch, New Orleans, for appellant.

Philip P. Spencer, New Orleans, for plaintiff-appellee.

Charles L. Rivet, New Orleans, for defendant-appellee.

FOURNET, Chief Justice.

This is a sequel to the action of this court in reversing the judgment of the Orleans Parish district court decreeing Paul Baragona, Jr., to be an incestuous bastard for the reason that we found there was a lack of the nature and quality of proof required by the Revised Civil Code to establish such a fact. Succession of Cervini, 228 La. 1054, 84 So.2d 818. It is now before us on an appeal[1] taken by the universal legatee of Mrs. Cervini Baragona, Charles K. Harris, from a judgment of the same court recognizing Paul Baragona, Jr., to be the natural child of Ethel Dora Baragona, daughter of Mrs. Martha Cervini Baragona, and, as such, her sole heir.

Counsel for appellant contends (1) the former judgment is not res judicata, and reurges all arguments advanced during the former appeal in an effort to establish that Paul Baragona, Jr., is an incestuous bastard; in any event (2) there was, and could have been, no legal acknowledgment of Paul by his mother because of her insanity from birth; and (3) that if we should hold the child was capable of being legally

1. The first appeal was lodged here on October 14, 1954, and was scheduled for argument in November of 1955. However, Paul Baragona, Jr.. died on May 31, 1955, and in due proceedings in the lower court the public administrator was appointed to represent his succession while the attorney formerly representing him as curator was appointed to represent his heirs, if any there be. The public administrator and curator then moved to have the appeal dismissed, but their motions were denied. See, 231 La. 1016, 93 So.2d 542.

acknowledged, then under the provisions of the Revised Civil Code his estate would pass to his mother; in turn, to her nearest relative in any degree, i. e., her mother, Mrs. Martha Cervini Baragona, the grandmother of Paul; finally, through Mrs. Baragona's succession to Harris as her universal legatee.

The record discloses that when the case was remanded to the lower court the public administrator appointed to represent the succession of Paul Baragona, Jr., on January 24, 1956, ruled Harris to show cause why a judgment should not be rendered recognizing "Paul Baragona as natural child and sole heir of his mother Ethel Dora Baragona, and, as such, entitled to possession of all property left by her at her death."[2] Defendant in the rule neither excepted thereto nor filed an answer, and, on the trial, offered no additional evidence, the case being submitted on certain stipulated portions of the previous record.

It is obvious from the foregoing that our former decree is conclusive that the evidence in this record as made up fails to establish Paul Baragona, Jr., was an incestuous bastard. That evidence does establish, however, that he was duly acknowledged by his mother in accordance with the jurisprudence,[3] in that she openly and publicly acknowledged him to be her child and treated him as such until he was committed to an institution at Pineville, Louisiana, when about seven years of age.

This leaves for our consideration the second contention of appellant, that is, that Ethel Dora Baragona was legally incapable of acknowledging the child.

From our appreciation of the evidence the appellant has failed to establish with any degree of certainty that Paul Baragona, Jr's., mother lacked the mental capacity to acknowledge him. While there is some testimony by lay witnesses to the effect that in their opinion she was "not normal," and Harris testified she "was all right until she was about seven years old and from then on, she never did increase in her mentality at all," the evidence discloses she was subject to epileptic fits and, for that reason, required constant attendance and supervi-

2. Ethel Dora Baragona predeceased her mother, but, at the time of Ethel's death she had inherited her father's half of the community, he having predeceased Ethel, although his succession was not open until after Ethel's death.

3. It would seem that Article 203 of the Revised Civil Code, providing "acknowledgment of an illegitimate child shall be made by a declaration executed before a notary public, in presence of two witnesses, by the * * * mother * * * whenever it shall not have been made in the registering of the birth or baptism of such child," would be the only manner in which a mother could acknowledge her illegitimate child. However, the jurisprudence permits such children to establish their mother's acknowledgment by other means. See, Minor v. Young, 148 La. 610, 87 So. 472; Taylor v. Allen, 151 La. 82, 91 So. 635; Succession of Tyson, 186 La. 516, 172 So. 772, and the authorities therein cited.

sion; otherwise, she was clean and able to take care of herself. But she was never legally interdicted during her lifetime or committed to an institution, and the record is barren of any expert medical testimony whatever on the subject.

Equally without merit is the third contention, for under the express provisions of the Revised Civil Code "Natural children are called to the legal succession of their natural mother, when they have been duly acknowledged by her, if she has left no lawful children or descendants, to the exclusion of her father and mother and other ascendants or collaterals of lawful kindred." Article 918. The question of who succeeds to the estate of Paul Baragona, Jr., is not before us for consideration, not having been made an issue below nor adjudicated upon by the trial judge.

Counsel in oral and brief argument contends the procedure by rule to establish that Paul Baragona, Jr., was a natural child is unauthorized in law; consequently, the order of January 24, 1956, was improvidently granted and the trial judge was therefore without right to try the case on the merits. The simple answer to this contention is that appellant, having gone to trial on the merits without objection to this form of proceeding, thereby waived whatever right he may have had in this respect.

For the reasons assigned the judgment appealed from is affirmed.