### No. 186.—J. B. PAYNE v. S. G. FERGUSON, Curator.

The acknowledgment in writing of service of citation of appeal by the attorneys of the appellee, who is a nonresident, proves a legal service of citation of appeal.

The allegation in the petition of appeal that the appellant is a judgment creditor of the succession to an amount above five hundred dollars, with a certified copy of the judgment annexed, is sufficient to establish an appealable interest from a judgment ordering the sale of the property.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *James Bussey,* Parish Judge. *D. C. Morgan,* for plaintiff and appellant. *Todd & Brigham,* for defendant and appellee.

WYLY, J. The motion to dismiss this appeal for want of service of citation on the appellee or his advocate, according to article 582 C. P., and because the appellant does not show an appealable interest, can not prevail.

The attorneys of record of the plaintiff, the appellee, a nonresident, acknowledged in writing service of the citation of appeal, and this appeal is from the judgment they obtained in behalf of the plaintiff. We think the service acknowledged by the attorneys of record in this case is the very thing that article 582 C. P. contemplates, in the ab-

sence of the appellee. The duties of the advocate are presumed to continue till final judgment in the court to which the appeal is taken.

The appellants, John Henry & Co., have annexed to their petition for an appeal a certified copy of the judgment for $800, which they hold against the succession represented by the defendant. They show an appealable interest.

The plaintiff, an acknowledged and judgment creditor of the succession of James T. Payne, took a rule upon the defendant, representing said succession, to compel the sale of the property thereof to pay his claim, which amounted to upward of $20,000.

In answer to the rule, the curator averred that it would be injurious to creditors to sell the property at the time; that at the death of J. T. Payne the laborers on the plantations belonging to him were under contract for the year; that provisions, teams and farming implements had been obtained, and that under the circumstances he, the curator, with the consent of the creditors, was carrying on said plantations for the use of the creditors; that the laborers have an interest in said crops, and it was impossible to place a proper value thereon; besides, the mules used on said plantations were needed to gather and prepare the crops for market. He therefore opposed the sale

The rule came on to trial, and on the fifteenth day of August, 1870, the court gave judgment for plaintiff, ordering the sale of all the property, and requiring a supplemental inventory of certain other property omitted in the original inventory.

The appellants, John Henry & Co., obtained judgment against the succession on the second of June, 1871, and on the thirteenth of the same month obtained an order of devolutive appeal from the judgment on the rule obtained nearly twelve months previously. No fraud is alleged, and the evidence on which the rule was made absolute and the sale ordered, seems to be sufficient to justify the decree of the court.

We do not see that the plaintiff, an acknowledged creditor for a large sum, and holding a special mortgage on part of the property, was unreasonable or acted illegally in demanding the sale of the property to pay his claim. C. P. articles 990, 991, 992. He had this right, and there is no evidence that he ever renounced it. If he consented to let the curator continue the cultivation of the crops after the death of J. T. Payne, that did not deprive him of the exercise of his legal rights. If the property has been sold under the order of the court, and the proceeds in the hands of the curator represent its value the appellants, John Henry & Co., are not precluded from asserting their claim to the proceeds.

We see no reason to disturb the judgment.

It is therefore ordered that the judgment herein be affirmed. It is further ordered that appellants pay costs of appeal.