No. 3778.—E. J. COCKFIELD v. B. & B. TOURRES. ·

The fact that a party cast in a suit has brought an action of nullity of judgment will not interfere with his right of appeal from the same judgment. The appeal will not therefore be dismissed on that ground.

A garnishee who is required to answer interrogatories in open court on a day fixed, is entitled to personal notice, which must be given him a reasonable time before the day for answering. A judgment rendered against a garnishee on interrogatories taken *pro confesso* without notice having been given for a reasonable time to the garnishee, will be set aside on appeal, and the cause will be remanded.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn* J. *Jack & Pierson* and *Morse & Dranguet*, for appellants. *J. M. B. Tucker*, for appellee.

TALIAFERRO, J. The plaintiff obtained judgment against the defendants for $2500 with interest, and against the garnishees, Llorens & Curry, *in solido*, for $1171 with interest. From this judgment the garnishees alone appeal.

The plaintiff and appellee moves to dismiss the appeal on the ground that the garnishees have brought in the proper court an action to annul the judgment appealed from; and that the action to annul is still pending. We know of no law which precludes a party from appealing from a judgment rendered against him because he has resorted to another means of defense against that judgment. The motion to dismiss is overruled.

On the merits, the only matter in controversy necessary to consider, at the present stage of the proceedings, is the question as to the sufficiency of the notice to the garnishees of the order to answer the interrogatories. The garnishees were duly brought into court by citation on the ninth of June, 1871. An order was rendered for them to answer the interrogatories on the fifteenth of that month, and notices issued which the sheriff returned; he was unable to serve from the obstruction of high water which prevented him from reaching the domicile of the parties. The time was extended for answering, and the sheriff again failed from the same cause to serve the notices. Finally, on the sixth of November the time was extended to the fifteenth of that month; and the sheriff returned that he had served a copy of the ·

order on A. J. Curry, one of the members of the firm of Llorens & Curry, the two garnishees, on the fourteenth of November, the service being made at his store twenty-five miles from the court house.

It has been held that whenever an act is to be done by a party personally which can not be done by his counsel, he is entitled to a special notice of the order and of the particular day on which he is required to comply with it, before he can be deemed to be in default. 2 An. 11.

The garnishees in this case were required to answer in open court on the fifteenth of November, and the notice was not served until the fourteenth, the distance between their domicile and the courthouse being twenty-five miles. This can not, we think, be held a compliance with law. Whenever notice to a party is required and the law fixes no specific time to intervene between service of the notice and the time when the required act is to be performed, a reasonable time is implied. We think in this instance the garnishees were not allowed a reasonable time for answering, and therefore the judgment taken against them *pro confesso* was premature.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, so far as it affects Llorens & Curry, cited as garnishees, be annulled, avoided and reversed, reserving to the plaintiff the right to have legal notice of the order to answer served upon the garnishees.

It is further ordered that this case be remanded to the lower court to be further proceeded with according to law.