No. 11,672.

STATE EX REL. J. THOMAS WALLER VS. J. R. FOWLER, JUSTICE OF THE PEACE.

The supervisory control of the Supreme Court over inferior tribunals extends to the examination of the proceedings in an unappealable case, and if it appears that a justice of the peace has rendered a judgment against the relator without giving him a hearing, or in a case where he has no jurisdiction over the person of the defendant, who does not appear and answer the demand, the judgment thus rendered will be annulled.

The action of nullity instituted by the relator does not prevent the application to this court for relief in the exercise of its supervisory jurisdiction over inferior tribunals.

APPLICATION for a Writ of *Certiorari*.

*Kidd & Van Hook* for Relator.

Respondent *in propria persona.*

The opinion of the court was delivered by

McENERY, J. This is an application for a writ of *certiorari* against the defendant, justice of the peace, who rendered a judgment in an unappealable case against the defendant, who was a resident of the parish of Union, and the justice's court had jurisdiction only in the ward in which it was located in Jackson parish.

The relief sought by relator is based on the supervisory jurisdiction of this court.

In answer to the preliminary order, the respondent justice has sent a certified copy of the proceedings in the case to this court. From them we learn that the defendant and relator was a resident of Union parish, and judgment was rendered against him, without a hearing, as he was never cited, and made no appearance. The suit was com-

menced by attachment, and under the judgment his property was sold and the *fi. fa.* returned satisfied by the constable. The defendant, after the rendition of the judgment, brought a suit in the justice court to annul the same.

The supervisory jurisdiction of this court over inferior tribunals extends to the examination of the proceedings in an unappealable case, and if it appears that the magistrate has rendered a judgment against the relator, without giving him a hearing, or in a case where he has no jurisdiction over the person of the defendant, who does not appear and answer the demand, the judgment thus rendered will be annulled and avoided. Montague vs. Coquillon, 35 An. 1101. The action of nullity instituted by the relator does not prevent the application to this court for relief in the exercise of our supervisory control over the justice's court.

The relator was bound to appear in that court in order to have the judgment declared a nullity. In the suit, the justice reaffirmed his original judgment under which the property was sold.

We have held that an action to annul a judgment will not interfere with the defendant's right of appeal. Cockfidd vs. Tourres, 24 An. 168.

The relator had the right to institute an action of nullity, and we do not think by the exercise of this right he has barred himself from the other remedy, the application to this court for a writ of *certiorari*.

The judgment against defendant and relator was an absolute nullity.

It is therefore ordered that the relief prayed for be granted, and the judgment complained of be declared null, void and of no effect.