PER CURIAM. It having been called to our attention in the application for rehearing that the judgment of the district court, which was affirmed in the opinion heretofore handed down, allows the plaintiff $16 per week for 300 weeks, and under the Workmen's Compensation Statute, the judgment is subject to revision as therein provided, if the condition of the plaintiff becomes such as to warrant it, the said judgment and decree are amended so as to award the said plaintiff compensation at the rate mentioned, not to exceed 300 weeks, and the application is otherwise refused.

(92 South. 272)

No. 24227.

LORY v. LORY.

(May 29, 1922.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⬤⇒438—Filing of petition for appeal does not deprive district court of jurisdiction of motion for new trial.

The filing of a petition for an appeal did not deprive the district court of jurisdiction to entertain a motion for a new trial, where the appeal had not been perfected by the filing of an appeal bond and the order of appeal had not even been granted.

2. Judgment ⬤⇒282—Not invalid because signed within time for applying for new trial.

A judgment was not invalid because signed within the delay allowed for applying for a new trial, but became valid on denial of the motion for a new trial.

3. New trial ⬤⇒4—Right to apply not affected by premature signing of judgment.

The premature signing of the judgment within the delay allowed for applying for a new trial cannot interfere with the right to file a motion for a new trial within the time allowed.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Leander H. Perez, Judge.

Suit by Mrs. Bertha Wilson Lory against Nathan Lory. From a judgment for plaintiff, defendant appeals. Affirmed.

Eraste Vidrine and Wm. R. Kinsella, both of New Orleans, for appellant.

Oliver S. Livaudais, of New Orleans, for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Defendant has appealed from a judgment of separation from bed and board, giving to plaintiff the custody and charge of her minor child. Her cause of action was that her husband had habitually treated her cruelly, and that his maltreatment of her was such as to render her living with him intolerable. He denied the charges, and set up a reconventional demand for an absolute divorce on statutory grounds.

When the case was called for trial, on the day for which it had been regularly assigned for trial, defendant was not present in court or represented by counsel, notwithstanding his counsel had been regularly notified. Plaintiff's attorney, having six witnesses present, several of whom resided in another parish, insisted upon proceeding with the trial. The judge heard the testimony and took the case under advisement, announcing that he would allow the defendant a delay of 4 days in which to have the case reopened or to introduce his evidence, and ordering that the defendant or his attorneys be notified of the proceedings. The judge held the case under consideration for 18 days, and, no appearance having been made by defendant or his attorneys, rendered judgment in favor of plaintiff. On the same day defendant's attorneys filed a motion for a new trial, averring that he had not been notified of the assignment of the case for trial, and contending that the trial was therefore an ex parte proceeding. The motion was not verified by affidavit. The judge entertained the motion, however,

and, having concluded that defendant's attorneys had been duly notified of the assignment of the case for trial, overruled the motion for a new trial. Ten days later the attorneys for defendant filed another motion for a new trial, contending that the judgment was null because, as a matter of fact, it was signed on the day on which it was rendered. Thereupon the judge rescinded his previous order refusing a new trial, and issued a rule upon plaintiff to show cause why a new trial should not be granted. When the rule was called for trial, defendant's attorneys objected to any further proceedings in the district court, contending that they had taken the case out of the jurisdiction of the court by an appeal to the Supreme Court. The judge overruled the objection, and dismissed the rule to show cause why a new trial should not be granted.

[1-3] There was no merit in defendant's contention that the district court was deprived of jurisdiction to entertain the motion for a new trial. The appeal to this court had not been perfected by the filing of an appeal bond. In fact the petition for an appeal had just been filed, and the judge had not yet granted an order of appeal. There was no merit in defendant's contention that the judgment was invalid for having been signed within the delay allowed for applying for a new trial. Judgments may be signed within the time allowed for applying for a new trial, provided, of course, such premature signing of a judgment shall not interfere with the right to file a motion for a new trial within the time allowed by law. If, in such case, a motion for a new trial be not filed within the time allowed, the judgment which was signed prematurely becomes valid. That is what occurred in this case.

On the merits of the case the evidence is, of course, all one way. The testimony of the six witnesses, besides that of the plaintiff herself, presents a deplorable case of cruelty on the part of her husband, and exonerates her of his accusation of infidelity.

The judgment is affirmed, at appellant's cost.