## ROSS v. ARMOUR FERTILIZER WORKS.

### No. 16355.

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

For former opinion, see 168 So. 353.

Porteous, Johnson & Humphrey, of New Orleans, for interveners-appellants.

J. I. McCain, of New Orleans, for plaintiff-appellant.

Denegre, Leovy & Chaffe and N. P. Phillips, all of New Orleans, for appellee.

### PER CURIAM.

Our attention has been directed to the fact that the sum of $325.50 was improperly allowed as a credit against the compensation awarded the plaintiff in our decree.

Our decree will, therefore, be amended so as to disallow the credit.

Original decree amended; rehearing refused. (All applications.)

## WICKES v. METROPOLITAN LIFE INS. CO.

### No. 16417

Court of Appeal of Louisiana. Orleans.

June 22, 1936.

Jas. G. Schillin, of New Orleans, for appellant.

John T. Charbonnet, of New Orleans, for appellee.

### JANVIER, Judge.

This matter comes before us on motion to dismiss the suspensive appeal taken by appellant on the ground that an appellant may not appeal suspensively under Act No. 156 of 1912 as amended by Act No. 260 of 1918, commonly known as the "pauper act."

Appellant, plaintiff in the court below, brought suit on a policy of insurance against defendant, Metropolitan Life Insurance Company. That company answered admitting its liability to the proper person, but contended that demand had also been made upon it by the administratrix of the estate of the insured and that it could not safely undertake to determine which of the said claimants was entitled to the proceeds. It thereupon deposited the proceeds of the policy in the registry of the court and cited the rival claimants to appear and present their respective claims.

The plaintiff, who is now appellant, had, as we have said, proceeded in forma pauperis, under the statutes referred to, and when judgment was rendered in favor of the rival claimants and against her she obtained an order for suspensive and devolutive appeals without the furnishing of bond.

The motion to dismiss the suspensive appeal must be overruled for the reasons given in State ex rel. Messina v. Cage (La. App.) 152 So. 399. There we held that a party who is entitled to the relief afforded by the said acts may, without the furnishing of bond, appeal suspensively as well as devolutively where the controversy arises over claims to a fund which is in the custody of the court.

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal be, and it is, overruled at the cost of appellee.

Motion denied.