174 So. 107

**MERRILL v. THEARD.**
No. 34280.

March 29, 1937.

Rehearing Denied April 26, 1937.

J. L. Warren Woodville, of New Orleans, for relator.

ROGERS, Justice.

Relator complains that he was refused a suspensive appeal in a certain cause pending in division B of the civil district court for the parish of Orleans.

Answering the rule nisi granted upon relator's complaint, the respondent judge says that he refused to grant the appeal for the reason that relator, who was not a party litigant, failed to allege and show either an interest in the res involved in the litigation or a pecuniary interest in the subject matter of the suit or that he was prejudiced by the judgment rendered therein, relator's only alleged interest being based entirely on matters dehors the record.

On August 25, 1936, Mrs. Georgine Denis Merrill sued Delvaille H. Theard and the Harding Realty Company, Inc., to recover on an alleged indebtedness of $40,000. In connection with her suit, plaintiff applied for and obtained a writ of attachment. Exceptions filed by the defendants were overruled, and their rule to dissolve the attachment was dismissed. Defendants then answered and applied for a trial by jury. The case was regularly fixed and posted for trial, and on the day designated for the trial, by consent of all parties, trial by jury was waived. The case was then taken up and tried before the judge of the district court, who, in due course, rendered a judgment in favor of plaintiff against the defendant Theard for $36,438.54, with interest and costs, and maintaining the writ of attachment. The suit was dismissed as to the other defendant Harding Realty Company, Inc. The judgment was rendered on February 5, 1937, and signed on February 12, 1937, after a new trial applied for by Theard was denied.

No appeal was taken by Theard, the judgment debtor, but on February 19, 1937, Frank P. Krieger, who was not a party to the suit, filed a motion for a suspensive appeal from the judgment, which the trial judge declined to grant.

Relator's allegations to sustain his claim of an appealable interest are somewhat fuller in his petition for mandamus than in his motion for appeal.

Omitting the title of the case, the affidavit, the signatures, and the order of appeal submitted for signature to the trial judge, relator's motion for appeal reads as follows, viz.:

"And now into open court comes Frank P. Krieger, and moves the court to grant a suspensive appeal from the judgment rendered on February 5th., 1937, and signed on February 12th., 1937, for the following reasons, to-wit:

"That mover is a creditor of the said Delvaille H. Theard, as more fully set forth in a suit pending in this court under the No. 220891, entitled Frank P. Krieger vs. Harding Realty Company, Inc., et al.; that mover is a party in interest whose rights are materially and adversely affected by the judgment herein rendered on the 5th. day of February, 1937, and signed on the 12th. day of February, 1937; that the said judgment is contrary to the law and the evidence and that mover desires to appeal therefrom

suspensively to the Supreme Court of Louisiana."

■ The function of this court is to review the judgments and rulings of inferior courts only on the facts and pleadings presented to them, as disclosed by the transcripts of the records brought up here.

The judge of the district court having considered relator's claim of an appealable interest upon his pleadings and upon the record, we must do the same.

Under his motion for appeal, it is only on the general allegation that he is a creditor of the judgment debtor and that his rights are adversely affected by the judgment, which is contrary to the law and the evidence, that relator claims the right to appeal.

In support of his claim relator submits the following authorities, viz.: Article 571 of the Code of Practice; Zahn v. Unknown Owners, 154 La. 776, 98 So. 184; Payne v. Ferguson, 23 La.Ann. 581, 582; Woolfolk's Heirs v. Woolfolk, 20 La.Ann. 513.

■ None of the cited cases are applicable to this case. While article 571 of the Code of Practice literally confers the right of appeal upon a third person who merely alleges that he is aggrieved by the judgment, nevertheless it is well settled that a third party desiring to appeal from a judgment rendered in a proceeding to which he was not a party must show affirmatively, by alleging the facts, that he is aggrieved by the judgment. Taylor v. Allen, 151 La. 82, 91 So. 635. See, also, Citizens' Bank of Columbia v. Bellamy Lumber Company, 140

La. 497, 73 So. 308, 310, Barataria Land Company v. Louisiana Meadows Company, 154 La. 461, 97 So. 658, 660.

In Citizens' Bank of Columbia v. Bellamy Lumber Company, after stating the rule and citing numerous authorities in its support, this court said:

"The doctrine of the cases cited is that the mere allegation of an appellant, who was not a party to the suit in which the judgment appealed from was rendered, that he is aggrieved by the judgment, is not enough to give him the right to appeal; that it is incumbent upon such third party to disclose in his petition for the appeal that he was in fact aggrieved by the judgment."

In Barataria Land Company v. Louisiana Meadows Company, this court declared, on the authority of many previous decisions, that: "The allegation and showing of a pecuniary interest that is affected by the judgment is the foundation of the right to an appeal." This was said of the claim of a third person to the right of appeal under article 571 of the Code of Practice. At page 468 of 154 La., page 660 of 97 So., the court offered the following comment upon the right claimed, viz.:

"Appellants base their right to an appeal upon the allegations that the judgment appealed from is erroneous; that it is contrary to the law and the evidence; and, as third parties in interest, they are aggrieved by it. They do not contend that they have an interest in the res or subject-matter of the suit. Their only alleged interest is based entirely upon matters dehors the record."

And the court accordingly dismissed the appeal.

In the brief filed in support of his application for mandamus, relator declares that he is not seeking to introduce other evidence in support of his plea for a reversal of the judgment from which he seeks to appeal. His contention is, that under the evidence introduced at the trial the judgment is contrary to the law and the evidence, and for that reason should be reversed.

Relator's interest in the suit is not apparent on the record, nor is it disclosed by his motion for appeal. It is true, relator alleges that he is a creditor of the judgment debtor as set forth in a certain cause pending in the civil district court for the parish of Orleans, but he does not show the nature of the indebtedness on which the suit is based nor the amount sued for. It is also true, relator alleges that his rights are materially and adversely affected by the judgment from which he seeks to appeal, but he does not set forth specifically on what the allegation is predicated. Relator's averment that the judgment is contrary to the law and the evidence is merely his own conclusion and presents nothing for review. Relator does not point out wherein the facts in the record are insufficient to support the judgment. He does not show that the judgment was not regularly rendered, nor that it is not conclusive as between the parties.

We do not find that the respondent judge erred in refusing the appeal.

For the reasons assigned, the rule nisi herein issued is discharged and relator's application for a writ of mandamus is denied.