193 So. 663

**Succession of LISSA.**

No. 35590.

Jan. 9, 1940.

E. R. Schowalter and Albert B. Koorie, both of New Orleans, for appellant Mrs. Adele Spiro Mathe.

A. D. Danziger, of New Orleans, for appellee Louis Spiro.

McCloskey & Benedict, of New Orleans, for appellee Joseph Spiro.

ROGERS, Justice.

Sarah Lissa, wife of Louis Spiro, died in New Orleans on April 9, 1938. About two months after the death of Mrs. Spiro, her succession was opened by Mrs. Adele S. Mathe, a daughter, who filed a petition in the Civil District Court, praying that a notary be appointed to search for the will of her deceased mother. About a week after the judge of the District Court granted the order prayed for by Mrs. Mathe, her father, Louis Spiro, without notice to her or his other children, filed a petition in the same proceeding asking for the probate of an olographic will written by Mrs. Spiro twenty-seven years before her death. Spiro alleged that the testatrix had appointed him executor; that he desired to be confirmed as such and for letters to be issued to him upon his taking the required oath.

The will of Mrs. Spiro was probated without notice to Mrs. Mathe, upon the testimony of Spiro, who was named executor, and two of his children. The following day Spiro took a rule against Mrs. Mathe to rescind the order which she had obtained to search for the will of her deceased mother. The hearing on this rule was postponed indefinitely. Subsequently, Spiro was confirmed as testamentary executor, and he caused an inventory to be made of the property belonging to the succession.

On August 1, 1939, which was about a year and three and one half months after the death of his wife, Louis Spiro and his three children presented a petition to the Civil District Court and obtained a judgment placing them in possession of the estate and discharging the executor. Mrs. Mathe was not a party to and had no notice of this proceeding, which was based upon a written agreement entered into between Spiro and his other children in compromise and settlement of their respective rights. The petition on which the judgment was rendered placing Spiro and his three children in possession of the estate of Mrs. Spiro merely alleged that Mrs. Mathe had been disinherited by her mother for the reasons stated in the will. No mention was made of Mrs. Mathe, nor of her rights in the judgment, which placed Spiro and his other children in possession of the entire estate of Mrs. Spiro, thereby disinheriting Mrs. Mathe.

Mrs. Mathe, availing herself of the provisions of Article 571 of the Code of Practice, applied to the Civil District Court for an appeal, suspensive and devolutive, from the judgment placing Spiro and his children in possession and disinheriting her. Her appeal is predicated on the claim that she is the lawful issue of the marriage between Louis Spiro and his deceased wife, Sarah Lissa Spiro; that the judgment did not recognize her as an heir, nor place her in possession of her interest in her mother's estate; and that no evidence was introduced, or attempted to be introduced, showing or attempting to show that she had been disinherited.

The judge of the District Court granted an order of appeal suspensive and devolutive and fixed the bonds of appeal at $150 each.

Louis Spiro has moved to dismiss the appeal on the following grounds:

"1. That the judgment putting in possession appealed from is an interlocutory order that cannot cause irreparable injury; and, according to Article 566 of the Code of Practice, no appeal will lie therefrom;

"2. That said judgment putting in possession was signed, in an ex parte proceeding, at the moment of presentation of said judgment for signature, and did not require nor receive the three judicial days, essential for all definitive and final judgments according to Article 546 of the Code of Practice;

"3. That said appellant, Mrs. Mathe, has no legal right to appeal, and has mistaken her remedy, which should have taken the form of a petition in the lower Court to set aside the probate of the will of decedent herein, or to ask for a new trial or an amendment of said judgment putting in possession;

"4. That the bonds herein filed, in the sum of $150.00 for the devolutive appeal, and $150.00 for the suspensive appeal, are not sufficient in amount and not according to law."

We find no merit in the first and second grounds urged for the dismissal of the appeal. Whatever may be the character of the judgment appealed from, it is clear that it is not a purely interlocutory decree. It fixes the rights of the parties at whose instance it was rendered and signed. As between them, the judgment was executory. As to others, the judgment was prima facie evidence of the right of the parties to have possession of the estate and was entitled to execution and recognition so long as it was not opposed by a person or persons having claims in or on the estate. Taylor v. Williams, 162 La. 92, 110 So. 100; Succession of Fachan, 179 La. 333, 154 So. 15. So far as Mrs. Mathe is concerned, the judgment, if permitted to stand, will seriously affect the rights which she asserts.

Appellees' contention that the judgment was violative of Article 546 of the Code of Practice, because it was signed before the lapse of three judicial days from its rendition, is untenable. The most that can be said of appellees' contention, if the judgment appealed from falls into the class of judgments contemplated by the codal article, is that the judgment was prematurely signed. A judgment prematurely signed is not invalid. It is only ineffective until three judicial days have expired, or until a new trial has been denied if one has been applied for subsequent to the signing of the judgment but within three days after it was rendered. Lory v. Lory, 151 La. 669, 92 So. 272; Saint v. Allen, 169 La. 1046, 126 So. 548; Haas v. Buck, 182 La. 566, 162 So. 181.

It is clear that Mrs. Mathe has an appealable interest in the judgment. Succession of Bothick, 110 La. 109, 34 So. 163. She is exercising her right of appeal under Article 571 of the Code of Practice, which gives the right of appeal not only to

the parties to the proceeding in which the judgment was rendered, but also to third persons upon their alleging and making a prima facie showing that they are aggrieved by the judgment. Merrill v. Theard, 187 La. 55, 174 So. 107; Taylor v. Allen, 151 La. 82, 91 So. 635. And it has been held that under the provisions of the codal article, a person claiming to be an heir may appeal from an ex parte judgment placing other persons in possession of the estate of the deceased. Succession of Barber, 52 La.Ann. 960, 27 So. 363; Succession of Dickson, 148 La. 501, 87 So. 251.

■ No argument was presented in the brief of Louis Spiro, appellee, in support of the third ground urged for the dismissal of the appeal. For our own part, we find no merit in it. The remedy by action for nullity of judgment is independent of the remedy by appeal. Neither remedy is intended as a substitute for the other. Both remedies may be maintained at the same time without conflict. Thus, it was held in Cockfield v. Tourres, 24 La. Ann. 168, 169, that "The fact that a party cast in a suit has brought an action of nullity of judgment will not interfere with his right of appeal from the same judgment." This ruling was approved and applied in State ex rel. Waller v. Fowler, 47 La.Ann. 27, 16 So. 565. To the same effect, see State ex rel. Pelletier v. Sommerville, 112 La. 1091, 36 So. 864.

The fourth ground urged for the dismissal of the appeal relates to the alleged insufficiency of the appeal bond. This complaint is likewise not well founded.

■ Since the adoption of Act No. 112 of 1916, appeals can not be dismissed for the reason urged without following the procedure prescribed in the legislative act. Durel v. Buchanan, 147 La. 804, 86 So. 189. Among other things, the statute provides that no appeal shall be dismissed on account of any error in the amount of the bond, without notice and without giving the appellant an opportunity to remedy the defect. The record does not show that the appellee ever notified the appellant that the appeal bonds were insufficient in amount.

■ After the motion to dismiss the appeal filed by Louis Spiro was submitted for decision, Joseph Spiro, one of the appellees, also filed a motion to dismiss the appeal, alleging that this Court is without jurisdiction ratione materiae under the provisions of Article 895 of the Code of Practice. The article reads as follows: "The Supreme Court can only exercise its jurisdiction, in so far as it shall have knowledge of the matters argued or contested below."

The merits of this appeal can not be considered on the motion to dismiss, and to consider the question raised under the motion filed by Joseph Spiro would have that effect. "This court will not anticipate, on a motion to dismiss, the issues which the appellant (a third person) proposes to submit to it. On trial of the merits of the appeal, it may be that certain issues raised by the appellant cannot be adjudged from the record as brought up, or it may not appear that she has suffered such an injury from the judgment rendered as authorizes her to appeal. If so, she will be

the sufferer. Appeals are frequently dismissed, or their demands rejected, after hearing, when it would be improper to dismiss them on motion in limine." Mutual Life Insurance Co. v. Houchins, 52 La. Ann. 1137, 1140, 27 So. 657, 658.

For the reasons assigned, both motions to dismiss the appeal are denied.