This matter is now before us on motion of defendant-appellee to dismiss both the suspensive and the devolutive appeals taken by plaintiff-appellant.
Plaintiff claims of defendant $285 with interest and attorney's fees, alleging that she and her husband, who is now dead, were former tenants of defendant, occupying a portion of a residence owned by him at an agreed rental charge of $45 per month; that shortly after the death of her husband, the rent was reduced to $35 per month; that the said defendant, Bernard, did not comply with the requirements of the "Price Control Law requiring the registration of rental property with the Office of Price Administration"; that the said Office of Price Administration learned of this and fixed the ceiling rental charge at $30 per month, and ordered Bernard to refund $95 as the amount overcharged; that the said Bernard refused to refund the said overcharge and thus rendered himself liable for three times the amount of the overcharge together with interest and attorney's fees, all in accordance with the provisions of Section 205(e) of the Federal Statute known as the Price Control Act, 50 U.S.C.A.Appendix, § 925(e).
There was judgment dismissing plaintiff's suit and she has appealed devolutively and suspensively. Defendant-appellee has moved to dismiss both the devolutive and and the suspensive appeals. The grounds on which the motion is based are as follows:
1. "That the judgment of the lower court was not subject to appeal when the appeal or alleged appeal therefrom was attempted to be taken in the lower court.
2. "That the appeal was taken in forma pauperis without the giving of bond.", whereas, so mover contends, a suspensive appeal, even in a case brought in forma pauperis, may not be taken without the furnishing of an appeal bond.
We first consider the contention that the judgment of the lower court "was not subject to appeal" when the appeal was taken. This contention is based on the fact that the judgment from which the appeal is sought was signed before the expiration of three days from its rendition.
[1] The judgment was read, rendered and signed on the same day, January 24, 1947. It is a final judgment, not merely interlocutory, since it completely dismisses plaintiff's suit. Article 546 of our Code of Practice, so far as is pertinent here, reads as follows: "The judge must sign all definitive or final judgments rendered by him, but he shall not do so until three judicial days have elapsed, to be computed from the day when such judgments were given * * * ". But we do not see that the defendant-appellee has any ground to complain that the judgment was prematurely signed. The purpose of the requirement that a final judgment must not be signed until three days after its rendition is that within that time the unsuccessful party may have an opportunity to apply for a new trial.
The premature signing of a judgment is ineffective and does not render the judgment executory until three days have elapsed; at which time the signature becomes effective, and the judgment becomes executory. *Page 488 
That is what the Supreme Court said in Succession of Lissa,194 La. 328, 193 So. 663-665, "Appellees' contention that the judgment was violative of Article 546 of the Code of Practice, because it was signed before the lapse of three judicial days from its rendition, is untenable. The most that can be said of appellees' contention, if the judgment appealed from falls into the class of judgments contemplated by the codal article, is that the judgment was prematurely signed. A judgment prematurely signed is not invalid. It is only ineffective until three judicial days have expired, or until a new trial has been denied if one has been applied for subsequent to the signing of the judgment but within three days after it was rendered. Lory v. Lory, 151 La. 669, 92 So. 272; Saint v. Allen, 169 La. 1046,126 So. 548; Haas v. Duck, 182 La. 566, 162 So. 181."
It is true that on January 27th when the order of appeal was granted, the judgment had not yet become final and that the unsuccessful party might still have applied for a new trial had she desired to do so.
But she did not do so and chose instead to appeal. All that can be said is that the order granting the appeal was prematurely signed and did not become effective until there had elapsed the time required by the Code of Practice. But it did become effective as soon as the time expired. The appeal cannot be dismissed on this ground.
The other ground on which we are urged to dismiss the appeal — that no bond was furnished — is, so far as a suspensive appeal is concerned, much more serious.
[2] A suspensive appeal, without the giving of bond, is not authorized by any law of this state. There is nothing in Act No. 156 of 1912, as amended by Act No. 260 of 1918, and as amended by Act No. 165 of 1934 which authorizes such a suspensive appeal without bond. In Succession of Wolfe,180 La. 688, 689, 157 So. 391, 392, in which the Supreme Court considered all three of these statutes, that court said: " * * * There is no provision of law which authorizes the granting of a suspensive appeal without bond, and it is at variance with the well-established jurisprudence of this state."
We see nothing in the latest statute, Act No. 421 of 1938, which gives the right to a litigant in forma pauperis to take a suspensive appeal without the giving of a bond.
Counsel for appellant argues that there are in the jurisprudence of this state cases in which it has been held that where a suit is brought in forma pauperis, an appeal without the giving of bond should be allowed "where there has actually been a need to suspend." In support of this statement, counsel cites Succession of Jones, 189 La. 693, 180 So. 489; State ex rel. Messina v. Cage, La. App., 152 So. 399; and Wickes v. Metropolitan Life Insurance Co., La. App., 169 So. 101. In none of these cases nor in any other of which we are aware, has there been any such holding to the effect that a suspensive appeal bond is not required in any case brought in forma pauperis merely because "there has actually been a definite need to suspend." All that those cases hold is that where the fund in dispute is actually in custodio legis and therefore must remain intact, the bond given in connection with a suspensive appeal is, in reality, only a bond for costs and that therefore in those cases no bond at all is necessary where the appellee is entitled to proceed in forma pauperis under the statutes referred to. That principal has no application here. There is no fund in custodio legis.
[3] However, since a devolutive appeal has also been applied for and granted, that appeal may be proceeded with and the dismissal of the suspensive appeal has no effect on it. Crawford v. Tampa Interocean S. S. Co., La. App., 159 So. 353.
[4] Furthermore, since it is the plaintiff who is appealing from a judgment dismissing her suit, it is obvious that a devolutive appeal is just as effective to preserve her rights as would have been a suspensive appeal.
However, since we are asked to dismiss the suspensive appeal and since we find that for the reasons given we must do so, we shall render judgment dismissing that appeal only.
It is therefore ordered that the motion to dismiss the appeal be, and it is, granted insofar as the suspensive appeal is concerned *Page 489 
and is overruled insofar as it is directed at the devolutive appeal.
Motion sustained as to suspensive appeal; motion denied as to devolutive appeal.