Mrs. Mary Schaefer Bonnelucq, proceeding in forma pauperis, in her original and supplemental petitions, alleged that Louis H. Bernard had been condemned by the Office of Price Administration to pay her the sum of $95, the amount of overcharge of rent exacted by Bernard as her landlord, the certificate or order being dated March 22, 1946; that Bernard declined to comply with the order of the Price Administrator, although acknowledging the debt and offering to pay $2 per month over a period of some forty-two months, by deducting this amount from her rent. Petitioner declined this method of settlement and brought suit for treble damages, or the sum of $285, under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e). It is also alleged that petitioner's husband, Henry Bonnelucq, died on the 25th day of December, 1945, leaving as his sole heir a minor child, Rosemary Bonnelucq.
Defendant, through his counsel, first excepted to the right of plaintiff to prosecute this claim under the Pauper Act, Act No. 421 of 1938, upon the ground that the averments concerning her financial condition were untrue, and upon the further ground that the Pauper Act of Louisiana could not contemplate the bringing of a suit for punitive damages since such damages are not allowed under the laws of Louisiana.
[1-3] We find nothing in the record concerning her financial condition and we, therefore, conclude that the action of the trial court in maintaining her right to bring her suit without the payment of costs was proper. So far as the second ground, that concerning the bringing of an action for punitive damages, is concerned, we cannot see what the payment of costs has to do with this defense. Moreover, damages allowed under the Price Control Act are not punitive. Whatley v. Love, La. App.,13 So.2d 719.
Defendant also excepted upon the ground that plaintiff, the surviving widow in community, was without authority to prosecute this claim, because it belonged for the most part to the community of acquets and gains which had been dissolved by the death of plaintiff's husband. The trial judge maintained this second exception and held that plaintiff's interest in her claim did not amount to more than $20, and that three times this amount, plus a reasonable attorney's fee, would not give jurisdiction to the Civil District Court, the lower limit of which, in monied demands, is $100. He, therefore, dismissed the suit without prejudice to the plaintiff's right to renew it in a court of proper jurisdiction.
[4, 5] It appears from plaintiff's petition that her husband died on the 25th day of December, 1945, and that the certificate for the sum of $95, the amount of the overcharge, was not issued to her until March 22, 1946. This certificate directs defendant to make the refund of the excess rent to plaintiff. It is well settled that the power to consider the validity of any regulation or order of the Office of Price Administration is vested solely in the Emergency Court of Appeals. Henderson v. Burd, 2 Cir., 133 F.2d 515, 146 A.L.R. 714; Bowles v. Meyers, 4 Cir., 149 F.2d 440; Bowles v. Wheeler, 9 Cir., 152 F.2d 34; Bowles v. Nu Way Laundry, 10 Cir.,144 F.2d 741; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. It is, therefore, not within our province to examine or pass upon the legality or correctness of the order involved here or to make any inquiry into the cause of its issuance. Section 204(d) of the Emergency Price Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(d), confers exclusive jurisdiction upon the Emergency Court of Appeals to determine the validity of any regulation or order emanating from the Office of Price Administration. The pertinent portion of the act reads as follows:
"The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, of any price schedule effective in accordance with the provisions of section 206, and of any provision of any such regulation, *Page 38 
order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."
We are, therefore, not required nor privileged to examine the interesting question ably presented by counsel in their brief and argument, as to the right of the surviving widow in community to prosecute this claim without having been formally recognized by judgment of a court of probate as the widow in community and usufructuary.
Our conclusion is that the exception to plaintiff's authority was improperly maintained, and consequently, and for the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the lower court for further proceedings not inconsistent with the views expressed.
Reversed and remanded.