We based our original opinion and decree on our belief that the certificate of the Office of Price Administration had ordered that the refund for overcharge in rent be made to plaintiff, Mrs. Mary Schaefer Bonnelucq.
It was contended by the defendant that Mrs. Bonnelucq had no right to maintain the action to recover for that part of the overcharge which had been made during the period in which the community had existed between herself and her deceased husband, and in which the rent had been paid by Mr. Bonnelucq, the said deceased husband, as head and master of the community.
We held that we could not go into the question of whether the certificate had been issued to the correct person since [31 So.2d 36, 37]: "the power to consider the validity of any regulation or order of the Office of Price Administration is vested solely in the Emergency Court of Appeal."
It has been brought to our attention that the certificate on which the suit was based and on which we based our opinion was not offered in evidence and is not in the record.
It is also brought to our attention that in all probability the certificate, as a matter of fact, designates Mr. Bonnelucq and not Mrs. Bonnelucq as the party to whom the refund must be made.
It also comes to our attention that in all probability the Office of Price Administration, having issued the certificate to Mr. Bonnelucq, and having discovered that Mr. Bonnelucq has since died, has issued a ruling to the effect that Mrs. Bonnelucq is entitled to make the claim for refund.
We have before us at this time nothing from which we can ascertain the true facts concerning the said certificate nor concerning any subsequent certificate or ruling which may have been made by the Office of Price Administration.
We are not prepared to say just what, if any, effect should be given to any subsequent ruling and merely hold that at this time the best interests of justice will be served by remanding the matter in order that all of the facts concerning the certificate and concerning any subsequent rulings may be presented to and passed upon by the judge a quo.
It is therefore ordered, adjudged and decreed that our original decree be, and it is recalled and annulled; that the judgment appealed from be, and it is annulled, avoided and reversed, and that the matter be, and it is remanded to the Civil District Court for further proceedings not inconsistent with the views herein expressed, Appellant to pay costs of this appeal, all other costs to await final decision in the matter.
Original decree recalled.
Judgment reversed.
Case remanded. *Page 434