As stated in our original opinion on the former appeal in this case, 31 So.2d 36, 37:
"Mrs. Mary Schaefer Bonnelucq, proceeding in forma pauperis, in her original and supplemental petitions, alleged that Louis H. Bernard had been condemned by the Office of Price Administration to pay her the sum of $95, the amount of overcharge of rent exacted by Bernard as her landlord, the certificate or order being dated March 22, 1946; that Bernard declined to comply with the order of the Price Administrator, although acknowledging the debt and offering to pay $2 per month over a period of some forty-two months, by deducting this amount from her rent. Petitioner declined this method of settlement and brought suit for treble damages, or the sum of $285, under Sec. 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e). It is also alleged that petitioner's husband, Henry Bonnelucq, died on the 25th day of December, 1945, leaving as his sole heir a minor child, Rosemary Bonnelucq."
Defendant answered, setting up the special defence that the order of the Price Administrator was null and void, because there was no violation of the rent regulations by defendant, and that even if there had been a rent overcharge, the Price Administrator had not the right or authority to make the penalties retroactive. The answer further stated that it was the defendant's intention to apply to the Emergency Court of Appeals for an adjudication upon the question of the legality of the order, and that a stay of the proceedings for a reasonable duration would be requested. *Page 90 
On November 30, 1948, more than two years after the suit had been filed, defendant applied for a rule against plaintiff to show cause why the case should not be stayed for sixty days, in order to afford defendant an opportunity of presenting to the Emergency Court of Appeals the issue involving the validity vel non of the regulation or order sued upon. The judge a quo refused to issue the rule.
Ultimately, the case was tried on its merits. At the outset, defendant moved for a stay order, which was denied.
Plaintiff recovered judgment for the sum of $95.00 (the overcharge), together with legal interest thereon from judicial demand until paid, plus a $35.00 attorney's fee. Plaintiff has appealed from the judgment, and defendant has answered the appeal, setting forth that the lower court erred in denying the application for a stay of the proceedings. Appellee prays that the judgment appealed from be reversed, and that there be judgment remanding the cause to the court below with instructions that the proceedings be stayed until the question of the validity of the rent order herein has been submitted to the Housing Expediter.
Counsel insists that since, under the provisions of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., the district judge is without jurisdiction to pass upon the validity of the rent order, and since the landlord has the right to submit the question at any time to the Housing Expediter, so that in the event of an adverse ruling by the Expediter the matter might be carried to the Emergency Court of Appeals, the proceeding should have been stayed by the district judge as requested, in order that the defendant might not be deprived of having his rights considered and passed upon by the only authority and tribunal having jurisdiction.
Prior to the 1947 amendment, the Emergency Price Control Act, § 204(e) (1), 50 U.S.C.A.Appendix, § 924(e) (1), provided that in any civil or criminal proceeding brought pursuant to Sec. 205 of the act, 50 U.S.C.A.Appendix, § 925, the defendant might apply to the court in which the proceeding was pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator, setting forth objections to the validity of any provision which the defendant was alleged to, have violated, and it was mandatory that the court in which the proceeding was pending grant such leave with respect to any objection which it found was made in good faith, and that upon the filing of a complaint pursuant to and within thirty days from the granting of such leave, the Emergency Court of Appeals assumed jurisdiction to enjoin or set aside, in whole or in part, the provision of the regulation or order complained of, or to dismiss the complaint. The section also provided that the court stay the proceeding during the thirty-day period within which the complaint might be filed in the Emergency Court of Appeals.
Under the act as amended in 1947, and as responsibility for functions with respect to rent control was transferred to the Housing Expediter, see Executive Order 9841, 50 U.S.C.A.Appendix, § 601 note, 12 Fed.Reg. 2645, the defendant is not given the right to apply for leave to file a complaint in the Emergency Court of Appeals with reference to the order involved in this case, as that court no longer acquires jurisdiction pursuant to Sec. 204(e), 50 U.S.C.A.Appendix, § 924(e), over any complaint contesting the validity of a rent order. However, the right of a defendant to have a rent order reviewed by filing a protest with the Administrator (now the Housing Expediter), as provided in Sec. 203(a), 50 U.S.C.A.Appendix, § 923(a), remains unimpaired, and within a reasonable time after the filing of any such protest, but in no event more than thirty days after such filing, it is the duty of the Administrator to either grant or deny such protest in whole or in part, and in the event of a denial of the protest, in whole or in part, the Administrator shall inform the protestant of the grounds upon which such decision is based, and the defendant who is aggrieved by a denial or the partial denial of his protest may file a complaint with the Emergency Court of Appeals, under Sec. 204(a), 50 U.S.C.A.Appendix, § 924(a). *Page 91 
See Woods v. Hills, 1948, 334 U.S. 210, 68 S.Ct. 992, 996, 92 L.Ed. 1322. The Court therein also said:
"Thus, it appears that the Emergency Court of Appeals may still be able to acquire jurisdiction to review rent orders, issued under the Price Control Act, by means of the protest and complaint procedure of §§ 203(a) and 204(a)."
It is clear that since the advent of the 1947 amendment to the Emergency Price Control Act, one aggrieved by a rent order can have the validity of the order adjudicated by the Emergency Court of Appeals only after he has filed a protest against the validity of the order with the Housing Expediter, and the protest has been denied. The protest procedure is fully provided for, and a protest may be filed "at any time after the issuance of any regulation or order * * *." But there are no provisions in the act, as it is presently constituted, which mandate a court to stay proceedings in a pending case because the defendant evidences an intention to exercise his right of protesting to the Housing Expediter the validity of an order involved in the case. It is only where the defendant has properly filed his protest under Sec. 203 prior to theinstitution of proceedings under Sec. 205 that the court shall stay the proceedings, and then only if the court finds the protest to have been made in good faith.
Section 204(e) (2) of the act, 50 U.S.C.A.Appendix, § 924(e) (2) provides:
"(2) In any proceeding brought pursuant to section 205 of this act * * * involving an alleged violation of any provision of any such regulation, order or price schedule, the court shall stay the proceeding — * * *
"(ii) during the pendency of any protest properly filed by the defendant under section 203 (section 923 of this Appendix) prior to the institution of the proceeding under section 205 of this Act * * * setting forth objections to the validity of such provision which the court finds to have been made in good faith."
We fail to find error in the refusal of the court below to grant the stay order requested by the defendant.
There is no dispute that the rent overcharge amounted to the sum of $95.00, and it is likewise not disputed that a landlord who violates the provisions of the Emergency Price Control Act by charging rent at a rate in excess of that fixed by the Rent Director, or who violates an order or regulation of the Office of Price Administration, renders himself liable for the penalty fixed in the act, Sec. 205(e), 50 U.S.C.A.Appendix, § 925(e), which is, as regards a rental overcharge, not more than treble the amount of such overcharge, plus interest, and also a reasonable attorney's fee.
Section 205(e), as it was amended in 1944, provides that the penalty shall be no more than the overcharge, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation.
The judge a quo was of the opinion that the defendant had acted in good faith, and that there was no willful violation on his part of any of the provisions of the act, nor did he fail to take practicable precautions against the occurrence of the violation. The judgment awards plaintiff $95.00, which is the amount of the overcharge. Plaintiff contends that the collection of the excessive rent by defendant was in fact willful, and that the judgment should have been treble the amount awarded.
We have carefully read the record in this case. The defendant testified that the original registration of the rental unit which he filed with the Office of Price Administration had been lost in that office, and that if there was any overcharge, such occurred through the loss of the original registration. There is no evidence whatever contradicting these statements of defendant, and as the judge below, who saw and heard him testify, believed them, and we, finding nothing in the record which would lead to the conclusion that the testimony is untruthful, can but affirm the allowance of $95.00.
According to the reasons for judgment, the award of $35.00 for the attorney's *Page 92 
fee was based on the amount of the claim. The judge observed that an attorney who accepts a case involving but a small amount should expect that he may not receive proper remuneration.
Appellant strenuously argues that the fee should have been fixed at a much larger amount, considering the time devoted to the case and the industry employed by the attorney in prosecuting it.
Plaintiff originally appealed to this court from the judgment dismissing the suit on an exception. Defendant moved for a dismissal of the appeal, which was sustained only as to the suspensive appeal. See 29 So.2d 486. The appeal was heard on its merits, the judgment was reversed, and the matter was remanded to the lower court for further proceedings. See31 So.2d 36, and 33 So.2d 433. After a trial in the district court, plaintiff perfected this appeal, which defendant unsuccessfully moved to dismiss. See 39 So.2d 447.
We think that the amount fixed as the attorney's fee is totally inadequate and should be increased. We cannot at all agree with our brother below that where a statute provides for a reasonable attorney's fee in a case such as this, that the amount of the claim involved is to be the sole criterion for fixing the attorney's fee. Other considerations should enter into the determination of the amount of the fee, such as the amount of time consumed, the industry of counsel, and the manner in which the case has been conducted.
In Lewis v. Louisiana Industrial Life Ins. Co., La. App.,4 So.2d 755, 760, plaintiff sued an insurer to recover sick benefits allegedly due under a combination policy, and to recover premiums paid on other policies, plus statutory penalties and her attorney's fee. Plaintiff recovered $5.00, plus a penalty of like amount, and a $50.00 attorney's fee. Our brothers of the second circuit, in affirming the judgment, made the following observation, in which we heartily concur:
"Defendant's counsel argues that the fee should not exceed the amount of the judgment recovered. This position is not sound. If such a standard should be fixed, it would be impossible for claimants of small amounts in cases of this character to procure the services of counsel to enforce such claims."
Michigan Window Cleaning Co. v. Martino, 173 F.2d 466, 468, decided by the Sixth Circuit Court of Appeals on March 21, 1949, was a suit brought under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., wherein claimant's attorneys were allowed a fee of $6,000.00 on an award to claimant of $3,417.02. The Court made the following comment:
"* * * The lawyers here diligently represented their clients in repeated hearings in the district court and pressed their cause through two reviewing courts. At every stage of the proceedings they were harrassed by dilatory tactics. They finally obtained judgment. We think the amount allowed was not excessive and upon consideration of the evidence, we are not prepared to say that it was so wholly inadequate as to warrant interference with the judgment * * *."
Whatley v. Love, La. App., 13 So.2d 719, relied upon by defendant, is not at all persuasive. In that case, $50.00 was awarded to plaintiff under the Emergency Price Control Act, and $25.00 was fixed as a reasonable attorney's fee. An examination of that case, though it is found reported in full in the Southern Reporter, discloses it to be a matter involving less than $100.00, originating in the First City Court of New Orleans. The matter was tried de novo by one member of this court, who, because of the important legal questions thought to be involved, referred it to the court en banc. Plaintiff's counsel made but one appearance before the city court, and argued the case but once before this court.
Considering the time, industry, skill, and diligence of plaintiff's attorney, as well as the amount involved in the case, we believe that the sum of $150.00 would constitute fair remuneration for his services.
For the above reasons, the judgment appealed from is amended so as to increase the award for the attorney's fee to the sum of $150.00, and as thus amended, and *Page 93 
in all other respects, the judgment is affirmed. Defendant-appellee is to pay all costs of both courts.
Amended and affirmed.
REGAN, J., takes no part.