On Motion to Dismiss the Appeal

En Banc.
PER CURIAM.
Under LSA-CCP Art. 2083 appeals may be taken only from (a) final judgments and (b) interlocutory judgments which cause irreparable injury. This motion to dismiss is based upon the contention that the judgment appealed from is neither.
By these quick-taking proceedings, the Department of Highways expropriated a certain tract in Iberia Parish. A 1.32-acre strip of this was subject to conflicting claims of the codefendant landowners, Sterling Sugars, Inc., and Louis Kilchrist. (The former claimed record title, while Kilchrist claimed prescriptive title by 30 years possession.)
The trial court ordered a separate trial to determine the ownership of this disputed tract. After trial, the court rendered judgment decreeing Sterling Sugars to be the owner and possessor of the strip. It further held that Sterling Sugars will be entitled to the award for this 1.32 acre “upon the trial of this cause on the issue of evaluation of property taken.” Kilchrist appeals from this judgment.
In seeking to dismiss the present appeal from judgment determining the ownership of the disputed acreage, Sterling Sugars points out that the ownership issue *636 is an interlocutory one arising between the claimant codefendants to the award for the property expropriated. Sterling Sugars points out that, after the present judgment, the suit was fixed for trial on the merits as to the valuation of the property taken, at which the plaintiff Department and the two defendants may present their respective cases.
Under LSA-CCP Art. 1841:
“ * * * A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
The classification of the present judgment is not free from doubt. While it is certainly not a final judgment that determines the merits in whole, it may possibly be considered that a final judgment determines the merits in part. Cary v. Richardson, 35 La.Ann. 505; Ardoin v. Southern Farm Bureau Casualty Ins. Co., La.App. 3d Cir., 150 So.2d 792. Likewise, if an interlocutory judgment, it might possibly be considered as causing irreparable injury, because between the parties it may be executory and may give rise to adverse rights if not appealed. Succession of Lissa, 194 La. 328, 193 So. 663.
We recognize the forcefulness of the contrary arguments that the judgment in question is only interlocutory, in view of the policy disfavoring piecemeal appeals, LSA-CCP Art. 2083. The determination of the ownership of the 1.32-acre strip within the expropriated 24-acre area is incidental to an interlocutory issue in the determination of the award for the entire property expropriated and its division between the two landowners claiming it.
On the other hand, the following excerpt from Official Revision Comment (a), LSA-CCP Art. 2083, may seem to favor a determination that the present judgment is appealable (without attempting to distinguish the ground between because it is a final judgment of part of the issues, or because it is instead an interlocutory one causing irreparable injury) :
“In many cases it is not easy to distinguish between which judgments are interlocutory and which are final. * * * In Oliphint v. Oliphint, 219 La. 781, 54 So. 2d 18 (1951), the court commented on the omission of provisions in the 1870 Code of Practice relative to the twilight zone of decrees, which although interlocutory in nature are in effect final judgments in that they dispose of issues applicable solely to the merits of the case. See also, Cary v. Richardson, 35 La.Ann. 505, 507 (1883), where the court said, ‘If an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable.’ ”
Weighing the factors set forth in the cited decisions, we deem the balance of policy favors classifying the present judgment as appealable as in the nature of a partial judgment determining an incidental demand between two defendants, cf. LSA-CCP Art. 1915(4): (1) As between the defendants, the determination of the issue of ownership of the strip, pursuant to pleadings between the defendants raising this issue, may have executory or other effects, which should not wait upon the possibly delayed determination of other issues of the expropriation proceedings; (2) The determination of the ownership of a strip expropriated separate from the trial of the expropriation suit itself could deprive the losing party of the full benefit of participating in the subsequent hearing on the merits; (3) For purposes of the subsequent trial, the judgment finally settles a right or interest in controversy.
We therefore overrule the motion to dismiss the appeal.
*637 We may say, however, that it was within the discretion of the trial court not only to order a separate trial of the issue of ownership, but also to withhold signing any final judgment on the issue separately tried (despite any interlocutory reasons for judgment rendered) until final judgment could also be signed disposing of the other issues of the suit after trial on the merits of the remaining issues. See Official Revision Comment (b), LSA-CCP Art. 1038.
For the reasons assigned, the motion to dismiss the appeal is overruled.
Motion to dismiss appeal overruled.