VERON, Judge:
This expropriation suit was filed by Dixie Electric Membership Corporation to obtain a servitude required for the construction of electrical transmission and distribution facilities. Alleging that Joseph Lawrence Henderson and Dedrick Gill each claimed to be record owner of the property encompassed within the required servitude, Dixie Electric named both claimants as defendants herein.
Pursuant to stipulation, judgment was rendered in favor of Dixie Electric awarding it possession of the property and permitting it to construct the required transmission lines, conditioned on Dixie Electric depositing in the registry of the Court the amount of its appraisal ($2,820.00), without prejudice to the rights of the defendants to contest all other issues involved except the right of plaintiff to the expropriation.
In the subsequent proceedings held to determine which of the defendants was entitled to the funds on deposit, Gill claimed entitlement to the funds but did not contest the adequacy of the amount deposited. Henderson objected to the court litigating the issue of who was entitled to the funds, and further contested the adequacy of the funds deposited. The trial court held that the amount deposited was adequate, and ruled that Gill had the superior claim. Award was made accordingly. Henderson appealed.
We will deal first with the issue of whether the trial court had jurisdiction to determine which of the two defendants is entitled to the proceeds for the property expropriated herein. Defendant Henderson contends that this determination “is no longer an issue herein” because judgment of expropriation has already been rendered in favor of Dixie Electric. In other words, Henderson argues that the trial court did not have the authority to decide this incidental issue after judgment was rendered in favor of plaintiff on its principal demand. Henderson’s position is without merit under Louisiana law. LSA-CCP Art. 1038 provides:
“The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first *897 tried, shall retain pirisdiction for the adjudication of the other.
When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.” (Emphasis added)
In State, Department of Highways v. Kilchrist, 222 So.2d 635 (La.App. 3 Cir. 1969), the court dealt with an éxpropriation suit brought against two defendants, each of whom claimed to own the land which was being expropriated. In citing LSA-CCP Art. 1038, the court stated that it “was within the discretion of the trial court ... to order a separate trial of the issue of ownership.” Although the trial court in the instant case merely decreed one of the defendants to be entitled to the proceeds of the expropriation and did not specifically decree either defendant to be owner of the property involved, we see no legal distinction as to the issue of the trial court’s jurisdiction and authority to decide that issue at a trial separate from the expropriation proceeding. Determination as to which claimant should receive the funds deposited involved the type of incidental action clearly contemplated by LSA-CCP, Art. 1038.
Having found that the trial court had jurisdiction to award the proceeds for the property expropriated, we now turn to the issue of which party is entitled to the funds.
The trial court held that Gill’s claim to the expropriated property was superior to Henderson’s claim, and thus awarded the funds to Gill. This decision was a factual one based on substantial evidence in the record on this issue. The lower court found these facts: Gill has the better title on the fact of the instruments; Henderson failed to establish the requisite possession to be more entitled to recover the funds than Gill; and that a casual conversation between the parties did not grant Henderson any superior claim.
Most significantly, the trial court found that Henderson did in fact own property in Section 20 of the area in question, and refused to interpret his title to include property in Section 19. The property expropriated herein is located in Section 19, and Gill’s title unquestionably locates his property in Section 19. Henderson sought to establish his entitlement to the funds, however, by virtue of a correction deed he recorded eleven years after the date of Gill’s recorded title. The trial court held that this unilateral correction deed could not operate to Gill’s prejudice inasmuch as he did not assent thereto or acquiesce therein. We agree. See Blevins v. Manufacturers Record Publishing Co, 235 La. 708, 105 So.2d 392 (1958).
The remaining issue raised by Henderson concerns the adequacy of the award for the property expropriated. In light of our conclusion that there was no manifest error in the judgment awarding the funds deposited by Dixie Electric to Gill, this issue is now moot. Gill has not appealed the amount of the compensation.
For the foregoing reasons, the judgment of the trial court decreeing $2,820.00 to be just and adequate compensation for the property expropriated and awarding this sum to Dedrick Gill will be affirmed. Costs of this appeal are assessed to Joseph Lawrence Henderson.
Affirmed.