ON COURT’S OWN MOTION TO DISMISS
Before GULOTTA, STOULIG and GAR-SAUD, JJ.
STOULIG, Judge.
We dismiss this appeal as premature.
On November 5, 1976 appellant Albertha Meyer filed an ex parte petition to probate the will of Mildred Margaret Miller. The trial court refused to sign the order of probate noting on the bottom of the pleading:
“The court declines to order the probate of the attached will for the reason that it is not either an olographic or a statutory will.
[Signed] Sanford Levy
Judge
11/9/76”
Mrs. Meyer neither appealed from this denial nor did she apply to this Court for supervisory writs. Some time later Mrs. Helen Regan was appointed administratrix of the intestate Miller succession.
On January 18, 1978, appellant filed a contradictory rule against the administra-trix directing her to show cause why the document which Judge Levy refused to probate in 1976 should not be probated. The district court made this notation on the pleading:
“January 27, 1978
Motion & Rule to Probate Will denied for reasons set forth on November 9, 1976.
[Signed] Sanford Levy
Judge”
There are no formal judgments in the record of either ruling. Both refusals to admit to probate, if reduced to formal judgments, would be final judgments because they establish permanent rights. Succession of Lissa, 194 La. 328, 193 So. 663 (1940). More specifically, a judgment ordering a will to probate is a final judgment, Seghers v. Antheman, 1 Mart. N.S. 73 (1823); therefore, it logically follows that the refusal to probate a will is likewise a final judgment.
Had a formal judgment been signed incorporating the decree in the first handwritten notation, appellant could not relitigate the same issue via a different procedure. However, C.C.P. art. 1911 and the jurisprudence interpreting it require that a final judgment be signed.[1]
The entry by the district judge does not constitute a final judgment, and until one is signed and forms a part of the record any appeal therefrom is premature. See Bartlett v. Collector of Revenue, 276 So.2d 748 (La.App. 3d Cir. 1973).
This appeal is dismissed at appellant’s cost.

APPEAL DISMISSED.

. C.C.P. art. 2974 provides in part: “Appeals from orders or judgments rendered in succession proceedings shall be governed by the rules applicable to appeals in ordinary proceedings * * *."